IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:02-CR-17-1H

UNITED STATES OF AMERICA              )
                                      )
                                      )
                                      )
            v.                        )          **ORDER**
                                      )
                                      )
                                      )
KELVIN CHANDLER ROBERTS,              )
                                      )
      Defendant.                      )


     This matter is before the court on the defendant's request

for a reduction in his sentence, filed January 13, 2010 [DE

#28]. The government has not responded, and the time for doing

so has expired. This matter is, therefore, ripe for

adjudication.

     Title 18, United States Code, Section 3582(c)(2) provides

for modification of an imposed term of imprisonment

        in the case of a defendant who has been sentenced to a
        term of imprisonment based on a sentencing range that
        has subsequently been lowered by the Sentencing
        Commission pursuant to 28 U.S.C. 994(o), . . . the
        court may reduce the term of imprisonment, after
        considering the factors set forth in section 3553(a)
        to the extent that they are applicable, if such a
        reduction is consistent with applicable policy
        statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Effective March 3, 2008, the United States Sentencing Commission retroactively amended the crack cocaine guideline to reduce the penalties for certain offenses involving crack cocaine.

On October 23, 2008, this court entered an order reducing defendant's sentence to 121 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive crack cocaine guideline amendment. Defendant now asks the court to further reduce his sentence by applying the sentencing guidelines applicable to powder cocaine, which would result in a lower guideline sentencing range than the crack cocaine guidelines under which defendant was sentenced. The relief sought by defendant has not been authorized by the United States Sentencing Commission or by statute. Consequently, defendant's request does not fall within the parameters of 18 U.S.C. § 3582(c)(2) and is, therefore, DENIED.

Inasmuch as defendant's motion could be construed as a motion to reconsider this court's October 23, 2008, order reducing his sentence to 121 months based on the retroactive crack cocaine guideline amendment, the court has carefully reviewed defendant's motion, as well as the record in this matter, and finds no reason to alter or amend its judgment.

2

Defendant's motion [DE #28] is DENIED, and the court's October 23, 2008, order is hereby reaffirmed.

This 7th day of June 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31